IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
CIVIL DIVISON

```
LANDMARK FINANCIAL SOLUTIONS, LLC    *
c/o Paul Wersant                     *
6340 Sugarloaf Parkway, Suite 150    *
Duluth, Georgia 30097                *
                                     *
     Plaintiff,                      *
v.                                   *    CASE NO.:
                                     *
RHEYMES LAZARE                       *
20-31 Seagirt Blvd, Apt. 4F          *
Far Rockaway, New York 11691         *
                                     *
ETS Maryland, LLC                    *
c/o Corporate Service Company        *
2711 Centerville Road, Suite 400     *
Wilmington, Delaware 19808           *
                                     *
BALTIMORE CITY, MARYLAND             *
c/o George A. Nilson, Solicitor      *
100 N. Holliday Street, Suite 101    *
Baltimore, Maryland 21202            *
                                     *
CINDY R. DIAMOND and BRUCE D.BROWN   *
Substitute Trustees                  *
Rosen Hoover P.A.                    *
1010 North Charles Street, Ste 101   *
Baltimore, Maryland 21201            *
                                     *
     Defendants.                     *
```

**<u>COMPLAINT</u>**

Plaintiff files its Complaint as follows:

1. Plaintiff is a limited liability company whose members are individuals domiciled in and citizens of California for purposes of diversity jurisdiction.

2. Defendant Lazare is an individual, domiciled in and a citizen of New York for purposes of diversity jurisdiction.

3. Defendant ETS is a limited liability company, whose members are individuals domiciled in and citizens of Maryland for purposes of diversity jurisdiction.

4. Defendant City, is a municipal corporation, organized and located in Maryland and a citizen of same for purposes of diversity jurisdiction.

5. Defendants Diamond and Brown are individuals domiciled in and citizens of Maryland for purposes of diversity jurisdiction.

6. Per 28 U.S.C. § 1332 (a), there is diversity jurisdiction due to diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, inclusive of damages and the property value. **_Peterson v. Sucro_**, 93 F.2d 878, 882 (4th Cir. 1938); The property value may be determined by the instrument governing the property. **_Waller v. Professional_**, 296 F.2d 545, 547 (5th Cir. 1961) **_Burks v. Texas Co._**, 211 F.2d 443 (5th Cir. 1954) *See also* **_Ebensberger v. Sinclair_**, 165 F.2d 803, 805 (5th Cir.), *cert. denied,* 335 U.S. 816, (1948); *cf.* **_Stinson v. Dousman_**, 61 U.S. (20 How.) 461, 466-67 (1857) (equating value with contract price and finding the jurisdictional amount to be in controversy). "In actions seeking declaratory or injunctive relief, it is established

2

that the amount in controversy is measured by the value of the object of the litigation." ***JTH v. Frashier***, 624 F.3d 635, 639 (4th Cir. 2010) *citing* ***Hunt v. Washington***, 432 U.S. 333, 347-48, (1977).

7. This litigation concerns real property and/or enforcement of debt, with a combined value in excess of $75,000.00, exclusive of costs. ***Marchese v. JPMorgan Chase***, LEXIS 3349 (D. M.D. 2013)

8. Personal jurisdiction exists and is proper, per C.J.P. § 6-101 *et seq* and the U.S. Constitution as the Defendants reside in Maryland; claim ownership/lien interests; use and/or possess the real property forming the basis for this action.

9. Under 28 U.S.C. § 1391 and § 100, venue is proper in this District, where the Defendants reside; where a substantial part of the events or omissions giving rise to the case occurred; the location of the real property that is the subject of this action.

10. The real property at issue is described as: 2338 North Monroe Street, Baltimore Maryland 21217, Ward 15, Section 19, Block 3268, Lot 011. Tax Id No.; 15-19-3268-011.

11. On 3/2/07, Raymond Cooke, in whom title was vested, conveyed the Property to Defendant Lazare, per a Warranty Deed recorded on 3/21/07, Baltimore City Liber 9192, Page 371.  12. On 3/2/07, Defendant Lazare executed and delivered a promissory note to Argent Mortgage, LLC for $79,200.00, for which the Property was secured as collateral per a Deed of Trust executed 3/2/07, recorded

3

on 3/21/07, Liber 9192, Page 375, naming Valorie Kacherian as the Trustee. ["the Instruments"]

13. On 1/13/09, Citi Residential Lending, Attorney in Fact for Argent, assigned the Instruments to Mortgage Electronic Registration Systems [MERS], nominee for CitiMortgage, per an Assignment recorded 3/18/09, Liber 11475, Page 306.

14. On 5/17/10, Defendant ETS acquired a certificate of tax sale, from Defendant City, for real property taxes allegedly due and owing as to the Property in the sum of $36,299.79.

15. On 5/6/11, Citi Property Holdings, for CitiMortgage, appointed Defendants Diamond and Brown as substitute trustees of the Deed of Trust, per a Deed of Appointment recorded 5/19/11, Liber 13510, Page 021.

16. In June 2011, Plaintiff purchased the Instruments from Residential Fund 76, LLC, successor to MERS as detailed below.

17. On 5/19/11, Diamond and Brown filed suit to foreclosure the Deed of Trust, on behalf of MERS, Baltimore City Circuit Court, Case 24O11000608 and Plaintiff purchased the property at sale on 7/25/11, ratified by a final order dated 1/10/12.

18. Plaintiff, Diamond and Brown did not record a foreclosure deed transferring title to the Property to Plaintiff.

19. On 5/11/12, ETS filed suit to foreclose its tax certificate, Baltimore City Circuit Court, Case No. 24C12002855,

4

naming Citi Property Holdings, CitiMortgage, MERS, Lazare, the Trustees and City, but not naming Plaintiff in this case.

20. On 5/23/12, MERS executed an assignment of the Instruments to Residential Fund, 76, LLC, evidencing the June 2011 sale of the Instruments, not yet recorded.

21. On 5/23/12, Residential Fund executed an assignment of the Instruments to Plaintiff, evidencing the June 2011 sale assignment of the Instruments, not yet recorded.

22. Defendant City claims various liabilities against Defendant Lazare and/or the Property, attaching to the Property.

23. On 6/18/12, ETS voluntarily dismissed the tax foreclosure, obtained an order vacating the dismissal on 8/30/12, but allowed this case to be dismissed per an order dated 6/9/14.

24. On 1/29/15, upon Plaintiff's motion, the state court vacated its 1/10/12 order ratifying the 2012 sale and dismissed the foreclosure case without prejudice, so this action could proceed.

25. All conditions precedent to this action have occurred, were fulfilled or waived.

## COUNT I: FORECLOSURE AND RELATED RELIEF

26. ¶ 1-25 are incorporated by reference.

27. Plaintiff is the assignee and holder of the Instruments, with standing to enforce them.

28. Plaintiff's Deed of Trust was the sole intended bona-fide senior interest in the Property when executed and recorded.

29. Defendant ETS did not foreclose or enforce its alleged tax sale certificate and/or tax debt as required by law.

30. Defendant ETS's tax sale certificate and/or tax debt are unenforceable, clouding and impeding Plaintiff's senior Deed of Trust and security interest in the Property, which should not be subject to further claims against that title.

31. All interests in the Property are subject, subordinate and inferior to Plaintiff's interest.

32. Defendant Lazare failed to make payments and fulfill obligations under the Instruments, who is currently in default for an unpaid principal amount on same of least $$75,000.00.

33. Plaintiff accelerated payment of the above balance, of which the Defendant Lazare was provided with notice.

34. Per 28 U.S.C. § 2201 and § 2001 *et seq*, CJP § 3-403, Md. Real Prop. Code Ann. § 14-101 *et seq*, Md. Rule 14-301 *et seq* and the Court's equitable powers, Plaintiff requests a judgment and decree, declaring and establishing it holds the senior interest in the Property, its fixtures, appurtenances, rents, applicable contents and applicable insurance policies, as to the sums due under the Instruments, namely principal, interest, late charges, abstracting, taxes, expenses, attorney's fees and costs,

6

foreclosing the Deed of Trust against the Property, declaring all other claims and interests as inferior and subordinate, which are barred and foreclosed from any right, title, interest, equity of redemption and claim in the Property.

### COUNT II: POSSESSION AND RELATED RELIEF

35.  ¶ 1-25 are incorporated by reference.

36.  The Defendants are in possession of the Property, to which Plaintiff or any purchaser is entitled post-sale possession.

37.  Per Md. Rule 14-102 and Fed. R. Civ. P. 64, Plaintiff requests a post-sale judgment of possession, removing the Defendants from and awarding possession of the Property to Plaintiff or any other purchaser at sale.

### COUNT III: ENFORCEMENT OF INSTRUMENTS AND RELATED RELIEF

38.  ¶ 1-25 are incorporated by reference.

39.  The Instruments are in default, under which Defendant Lazare is indebted to Plaintiff.

40.  Plaintiff is entitled to judgment against Defendant Lazare for the sums due and owing under the Instruments.

41.  Plaintiff requests judgment against Defendant Lazare for the amounts due on the Instruments for at least $75,000.00, plus, interest, attorney's fees and costs.

42. Defendant Lazare is not currently in the military, has not been in the military for the last thirty (30) days and is not subject to protection under the Service Members Civil Relief Act.

WHEREFORE, Plaintiff prays for the following relief:

a) Per Count I, for a judgment and decree, declaring and establishing it holds the senior interest in the Property, its fixtures, appurtenances, rents, applicable contents and applicable insurance policies, as to the sums due under the Instruments, namely principal, interest, late charges, abstracting, taxes, expenses, attorney's fees and costs, foreclosing the Deed of Trust against the Property, declaring all other claims and interests as inferior and subordinate, which are barred and foreclosed from any right, title, interest, equity of redemption and claim in the Property; and

c) Per Count II, for a post-sale judgment of possession, removing the Defendants from and awarding possession of the Property to Plaintiff or any other purchaser at sale; and

d) Per Count III, for judgment against Defendant Lazare for the amounts due on the Instruments for at least $75,000.00, plus, interest, attorney's fees and costs; and

e) All other just and proper relief.

Respectfully submitted this 2nd day of February, 2015.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> USDC MD Bar No. 26803
> 6340 Sugarloaf Parkway Suite 150
> Duluth, Georgia 30097
> Telephone: (770) 864-1403
> Facsimile: (770) 864-1503
> Email: pgwersant@sequoiafinanciasolutions.com
> Attorney for Plaintiff